**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ELROY COLE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-083-A |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Elroy Cole, TDCJ #703390, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Colorado City, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. **PROCEDURAL BACKGROUND**

On November 8, 1994, pursuant to a plea agreement, Cole pled guilty to robbery causing bodily injury in Case No. 0564466R in the Criminal District Court Number Two of Tarrant County, Texas, and was sentenced to twenty years' confinement. (3State Habeas R. at 21.)[1] Cole has apparently been reviewed for release to parole by the Texas Board of Pardons and Paroles (the Board) on more than one occasion but denied release. Cole raised the claims presented in this petition in a state habeas application, filed on September 13, 2005, which was denied by the Texas Court of Criminal Appeals without written order on January 11, 2006. Cole filed this petition on January 23, 2006.

D. **ISSUES**

Cole asserts his constitutional rights were violated (1) because after serving one-fourth, versus one-half, of his 20-year sentence, he was eligible for and should have been released on parole under the law in effect at the time of the offense, (2) because the Board misclassified his case for purposes of parole eligibility as if it were an "aggravated" case, and (3) because the Board failed to interview him or allow him an opportunity to submit a parole package before denying his release to parole. (Petition at 7; Pet'r Memorandum of Law at 2-6.)

E. **RULE 5 STATEMENT**

Dretke believes that Cole has exhausted his state court remedies as to the issues raised as required by 28 U.S.C. § 2254(b) and (c). (Resp't Answer at 5.)

---

[1] "3State Habeas R." refers to the state court record for Cole's state habeas Application No. WR-56,021-03.

**F.      STATUTE OF LIMITATIONS**

As a preliminary matter, Dretke contends Cole's petition is untimely under 28 U.S.C. § 2244(d) and should be dismissed as such. (Resp't Answer at 2-4.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period began to run on the date the factual predicate of Cole's claims could have been discovered through the exercise of due diligence. Dretke argues that Cole's claims arose when he first became aware of his parole eligibility classification in 2003, as reflected in a letter from Cole to the Board regarding the matter.

(Pet'r Memorandum of Law, Exhibit B.) Providing the most forgiving of dates, December 31, 2003, Dretke argues Cole's petition was due or before December 31, 2004, absent any applicable tolling. Dretke asserts that Cole's state writ application, filed after limitations had expired, did not operate to toll the federal limitations period.

Relying on former article 42.12, § 15 of the Texas Code of Criminal Procedure, Cole believed he was eligible for parole after his time served equaled one-fourth of his 20-year sentence. By 2003, however, Cole had served nearly one-half of his sentence and became aware of his parole classification. Thus, he could have discovered that the Board may have misclassification his parole eligibility status through the exercise of due diligence on or before December 31, 2003, if not before. Accordingly, Cole had until December 31, 2004, within which to file a timely federal petition. His state administrative and court remedies, filed after that date, do not toll the one-year limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).[2] Thus, his petition, filed on January 23, 2006, is untimely.

Even if Cole's petition were timely, his claims do not provide a basis for federal habeas corpus relief as no constitutional violation has occurred. A state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Texas inmates have no constitutionally protected right to parole because the relevant Texas statutes, past and present, do not create a protectible liberty interest

---

[2]Cole does not argue that he is entitled to equitable tolling and there are no sufficiently rare and exceptional circumstances apparent in his records that would justify application of the doctrine here. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)

which would implicate constitutional considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Thus, while a petitioner may be eligible for parole, the failure of the Board to grant parole or to interview a petitioner for parole does not merit federal habeas relief. *Orellana*, 65 F.3d at 31-32; *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981). Cole's reliance on case law relevant to the release to mandatory supervision is inapposite.

## II.  RECOMMENDATION

It is therefore recommended that Cole's petition be dismissed as time barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 24, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 24, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 3, 2006.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE