IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| ELROY COLE, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § NO. 4:06-CV-083-A |
| | § |
| DOUGLAS DRETKE, Director, | § |
| Texas Department of Criminal | § |
| Justice, Correctional | § |
| Institutional Division, | § |
| | § |
| Respondent. | § |

O R D E R

Came on for consideration the above-captioned action wherein Elroy Cole ("Cole") is petitioner and Douglas Dretke, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On May 3, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by May 24, 2006. Petitioner timely filed his written objections. Respondent has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a _de novo_

determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

In his petition, Cole claims that he was denied the right to be considered for parole earlier, purportedly because his case was wrongly classified as aggravated. Based upon his conclusion that Cole's claim is barred by the applicable statute of limitations, the magistrate judge has recommended that Cole's petition be dismissed. Cole has specifically objected to the underlying conclusion that his action is time-barred.

The 1-year statute of limitations at issue begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Based upon a 2005 letter from Cole to the Board of Pardons and Parole, the magistrate judge concluded that Cole knew in 2003 of his possible eligibility for an earlier parole and that, consequently, his filing this action in 2006, more than one year after 2003, was untimely. See Ex. B to Cole's Mem. in Support

2

of Pet. for Habeas Corpus. While this letter does show that Cole knew in 2003 that his parole eligibility classification was heightened because he was purportedly serving "aggravated" time, the court is not convinced that the letter proves that Cole knew, or should have known, in 2003 that this classification could be wrong. Rather, it seems equally plausible that Cole, after the exercise of due diligence -- including, inter alia, contacting his lawyer, obtaining copies of his judgment, etc. -- did not discover until 2005, when he sent the letter to the Board of Pardons and Parole, that his parole classification could be in error. Id. The court therefore does not adopt the magistrate judge's conclusion his action is time-barred.

The magistrate judge further concluded, however, that the denial of the possibility of an earlier parole is not a constitutional violation and therefore not a basis for federal habeas corpus relief. Cole's objections, if any, to this conclusion are frivolous, conclusory, or both. Nevertheless, the court has independently evaluated this substantive conclusion and concurs with and adopts it. Cole is not entitled to habeas relief, because his claim does not entail a violation

3

of a constitutional right.[1] At least in Texas, there is generally no constitutional right to early release on parole. See, e.g., Orellana v. Kyle, 65 F.3d 29, 31-32.

Therefore,

The court accepts the conclusion of the magistrate judge that Cole is not entitled to habeas relief, because his claim does not entail a violation of a constitutional right, and ORDERS that the petition in this action be, and is hereby, denied.

SIGNED June 1, 2006.

JOHN McBRYDE
United States District Judge

---

[1] To be entitled to habeas relief, a prisoner must allege the violation of a constitutional right. See, e.g., Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985) (citation omitted).

4